# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 57 | **DATE** | 11/01/2011 |
| **CASE TITLE** | Chicago Regional Council of Carpenters Pension Fund vs. Three Rivers Contracting, Inc. | | |

**DOCKET ENTRY TEXT**

The oral motion of plaintiff Chicago Regional Council of Carpenters Pension Fund ("Chicago Regional) for voluntary dismissal of this action is granted. The action is dismissed with prejudice. For the reasons listed in the Statement section of the order, defendant Three Rivers Contracting, Inc.'s ("Three Rivers") oral motion for attorney's fees and costs is denied.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Chicago Regional moved orally for voluntary dismissal of this action because it conducted discovery and found no wrongdoing on the part of Three Rivers. Three Rivers then moved orally for the attorney's fees and costs it incurred to conduct the discovery. Three Rivers has represented orally that it incurred $5400 in attorney fees and costs.

Plaintiff's claim was brought under § 502 of the Employee Retirement Income Security Act and § 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Dkt. No. 1 ("Compl.") ¶ 1. The only relevant fee shifting provision in those statues is 29 U.S.C. §1132(g)(1), which provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

The Seventh Circuit has articulated two tests to guide the court's discretion. Under the first approach, the court must consider

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Cent. States, Se. and Sw. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 272 F.3d 1000, 1004 (7th Cir. 2001). Under the second approach, the court "should award fees to the prevailing party unless either (1) the losing

| STATEMENT |
|---|

party's position was substantially justified or (2) special circumstances make a fee award unjust." *Id.* Despite the conflicting tests, the two tests require basically the same approach, and the "bottom-line" question is "'was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" *Id.* (citation omitted).

      These tests create "a modest presumption" in favor of awarding fees. *Meredith v. Navistar Intern. Transp. Corp.*, 935 F.2d 124, 128 (7th Cir. 1991). However, the court must also "keep in mind ERISA's essential remedial purpose: to protect beneficiaries of pension plans. *Id.* at 128-29. Moreover, "'[a]dherence to this policy often counsels against charging fees against ERISA beneficiaries since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose.'" *Id.* at 129 (citation omitted).

      In this case, the plaintiff Chicago Regional is not an individual beneficiary, but rather a union pension fund which is less likely to be dissuaded from future suits by a modest fee award. Nonetheless, the court concludes that Chicago Regional reasonably suspected wrongdoing on the part of Three Rivers, and that it did not bring its claim in bad faith. Consequently, denying Three Rivers's request for fees accomplishes two goals consistent with the purpose of ERISA. First, it will not dissuade plaintiffs who suspect wrongdoing from using litigation, one of their legitimate tools, as a mechanism to identify and correct any abuses. Second, it will encourage innocent defendants like Three Rivers to be as transparent as possible about their pension obligations and to assist plaintiffs in obtaining the information they need to verify compliance. Potential plaintiffs will then have the information they need to monitor an employer's compliance with ERISA without resorting to litigation.

      Three Rivers's oral motion for attorney's fees is thus denied.

*James F. Holderman*